UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENT BOWERS and BILLY LAIRD, | § § § | |
| Plaintiffs, | § § | C.A. NO. 9-cv-0878 |
| v. | § § | |
| PIPE FITTERS LOCAL UNION, et al., | § § | |
| Defendants. | § § § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for a Temporary Restraining Order. (Doc. No. 11.) After considering the parties' briefings and oral arguments, the Court holds that Plaintiffs' Motion is **DENIED**.

A preliminary injunction "requires that 'the applicant ... show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.'" *Ponce v. Socorro Indep. Sch. Dist.*, 508 F.3d 765, 768 (5th Cir. 2007) (quoting *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir. 2003)). Plaintiffs have failed to show, pursuant to applicable law, a substantial likelihood of success on the merits, or that they will suffer from irreparable harm if the Court does not halt the ongoing election. The Court's ruling on the Motion for Temporary Restraining Order does not, however, suggest anything about the Court's judgment as to the ultimate merits of the case. On summary judgment,

or at trial, Plaintiffs may well demonstrate that they have suffered compensable harm, and/or deserve injunctive relief.

**IT IS SO ORDERED.**

**SIGNED** this 9th day of June, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**